## Case No. 10,173.

### Ex parte NEWMAN.

[3 App. Com'r Pat. 226.]

Circuit Court, District of Columbia. Oct. 14, 1859.

#### Patentable Invention — Double Use — Hoop Skirts.

[The use of strands of twisted cord to sustain the hoops of hoop skirts *held* a patentable invention, where the result was a better and cheaper article, although a similar use of such cords for supporting the rounds of rope ladders, the slats of window blinds, etc., was old and well known.]

Appeal from the decision of the commissioner of patents, refusing to grant Cearsar Newman a patent for a new and useful improvement in fabricating hoop-skirts.

MORSELL, Circuit Judge. The appellant states his claim thus: "My improvement consists in cheapening the construction of skirts known as 'skeleton skirts' by the employment of strands of cord so twisted as to retain the hoops of spring-steel or other material forming the spring hoops in their places, by which great facility and cheapness of construction is attained; materially reducing the cost of manufacture as heretofore practiced. To effect this desirable result I take the ordinary spring-hoops used in skeleton skirts, however constructed, and, first twisting two or more strands hard, I place one of the hoops in the bight and by the back-twist of the strands form a cord over the spring and thus fasten it. Cords formed as thus described are placed at equal distances all around the hoop sufficiently far apart for the purposes of properly sustaining the hoop for strength and durability as shown in the drawing; and the formation of each of the cords extends to the length of the distance the hoops are to be placed apart, when a second hoop is introduced, and a new section of cord is laid over it. This process is continued until the whole skirt is completed. This mode of connecting the spring hoops of a skirt, it is obvious, admits of great rapidity of construction. The twisted cord has heretofore been employed in rope-ladders and some other constructions, and is consequently not new. I therefore do not make any claim thereto as of my invention. But what I do claim as my invention, and desire to secure by letters patent, is combining a series of spring-hoops as herein set forth, by means of a series of twisted cords, and thus forming a skeleton skirt as above specified."

In stating particularly the nature of his plan he says: "The twisting of the strands D, D, D, Fig. II., being entirely effected by machinery, as well as the inserting of the hoops A, A, A, A, Fig. I., in the same manner." In the report adopted by the commissioner for his decision and reasons it is said:

"The appellant in this case proposes to suspend the spring hoops of a hoop skirt by means of the bight afforded by the twisting together of two or more strands, the series of twisted strands forming the vertical ribs of the skeleton. He claims combining a series of spring hoops by means of a series of twisted cords and thus forming a skeleton skirt. It is alleged on the part of the office that this method of suspending horizontal cross pieces is familiar in rope-ladders, in window-blinds and in many varieties of bas-

ket and wicker-ware, and a patent is refused on the ground that, as it is not new to suspend supports in the strands of ropes and cords, the adaptation of this device to the hoops of skeleton skirts is but a colorable use, and not a patentable invention. On the other hand, the appellant contends that the point at issue does not involve the question of a double use. He maintains that he has produced a new combination; that his invention consists in manufacturing skirts by combining a series of spring-hoops by means of a series of twisted cords, whereby he has produced a manufacture that the examiner does not assume is old.

"Now, looking at some of the well and long known methods of making hoop-skirts, we find that the hoop for the horizontal and the cord for the vertical ribs are the common materials employed. The combination thus far therefore possesses no novelty, but the hoop and cord are the only elements of the combination, and we see at once that the appellant is driven from the ground he strives to occupy. The truth is that the only just interpretation which can be placed upon the claim before us—an interpretation which its language fully justifies—is that it refers alone to the method of connecting the hoops with the vertical cords, or the method of supporting the hoops. If it was anything more, or can bear any other construction, it is that it relates to the means of connection or support in combination with a hoop-skirt. Assuming this to be the correct view of the matter as understood by the appellant, and we are brought directly to the objection of the examiner that what is known in other connections becomes but a double use when applied to a new purpose. That the rounds of ladders, the slats of blinds, and the horizontal withes of wicker-baskets have been supported by twisted cords or twisted withes, cannot be denied notwithstanding a d'sposition is manifested to join issue as to the fact. The question occurs then, is there anything patentable in applying this well known method to the manufacture of hoop-skirts? If it perform any other function, or an old function in a better manner in its new manifestation than it does in its old, there can be no doubt that the appellant is entitled to his patent; if it does neither of these, there can be as little doubt that his claim should be refused. The office performed when this plan is adopted in a ladder is to support the rounds and keep them in place. So in window-blinds it is to support and keep in place the slats; and in baskets the lateral withes. If in skirts it performs any other office than to support and keep in place the hoops, we have failed to perceive it, and we are not assisted in the discovery by the revelations of the specification, or of the reasons of appeal. If it produce a different shaped skirt, a better or cheaper manufacture, then the thing would be patentable; but it does not alter the form, and there is no evidence that it

leads to a better or cheaper fastening or support than is now manufactured in various ways. The application is an analogous use, and should, in our opinion, follow the law as interpreted by the best authorities."

This report was adopted by the commissioner as his decision May 26th, 1859.

To this decision there were two reasons of appeal filed,—the first denying the applicability of the references; the second, that there is no want of novelty in applicant's new mode for a hoop-skirt by combining the hoops with the twisted series of cord as practiced for the first time by Mr. Newman. Due notice having been previously given of the time and place of hearing this appeal, all the papers in the case, with the references, &c., were laid before me in writing, and submitted said case for consideration. In the report of the commissioner just stated, speaking of the hoop-skirt in question, he says: "If it perform any other function, or an old function in a better manner in its new manifestation than it does in its old, there can be no doubt that the appellant is entitled to his patent." If it produce a different shaped skirt, a better or a cheaper manufacture, then the thing would be patentable. At the stage of the enquiry in which the subject was at the time of the application made by the appellant to the commissioner for a patent, if all the previous requisites of the act of congress [5 Stat. 117] had been complied with, and the oath taken as directed thereby, together with the production of the specification, drawings, &c., prima facie evidence was thereby furnished, to be received by the commissioner in his further proceedings in said case, of the truth thereof. The specification, among other things, states that the nature of the invention consists in forming a skirt entirely by machinery, &c., and particularly describes how his invention may be used. It states: "The twisting of the strands D, D, D, (Fig. II.) being entirely effected by machinery, as well as the insertion of the hoops (A, A, A, A, Fig. I.) in the same manner." The cost is greatly reduced, and the skirt is rendered very durable, as the strands, being very tightly twisted, not only remain so, but retain the hoops firmly in their place. This machine (or the model), it is stated, was to be seen in the office, and this mode of constructing a hoop-skirt is supposed to be new, and that no other such was ever before made. The advantages over all others of the kind will at once suggest themselves to any one who is skilled in the manufacturing of this description of fabric. The exhibit of a specimen was before the commissioner, and by an examination and comparison with others of a different mode of construction it must have appeared that the time in which it can be constructed is much less, the number of hands and labour fewer and less, the material to construct with far less costly, that it is stronger and more durable, it is

much lighter, and less injurious to the other wearing apparel of ladies than any of the skirts where clasps or knotted fastenings are used. Thus that it unites cheapness, strength and durability. "The cord itself is formed of the strands employed for the purpose in the act of manufacturing the skirt, while in all the hoop-skirts by others, the suspending fabrics of whatever kind used are first made separately and complete, and the hoops are afterwards inserted therein. One hand only is necessary by this new mode, many more by the other methods. Newman, by this new mode, "is enabled to form at one and the same instant of time, the fabric that supports the hoops and insert the hoops without other guides than those employed to form the fabric. One operation forms the entire skirt complete, and with the rapidity that a cord can be made, &c.

Thus it seems to me all the conditions mentioned by the commissioner are fully answered, and that the appellant has satisfactorily shown that he is entitled to a patent for his said invention.

MORSELL, Circuit Judge. I, James S. Morsell, assistant judge of the circuit court of the District of Columbia, do certify to the honorable commissioner of patents, that according to due notice previously caused to be given of the time and place appointed for the trial of the above described appeal, all the papers, references &c. in said case were laid before me by the commissioner, and the said appellant, by his attorney, appeared, and, having filed his argument in writing, submitted the said case; whereupon, after deliberate consideration thereof, I am of opinion, and I do so hereby adjudge and determine, that the decision aforesaid of said commissioner is erroneous, and it is hereby annulled and reversed, and it is ordered that a patent forthwith be issued to the said Newman for his invention aforesaid as prayed.